IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANIELLE COX,                          )
                                       )
                  Plaintiff,           )
vs.                                    )          NO. CIV-12-0183-HE
                                       )
COUNCIL FOR DEVELOPMENTAL              )
DISABILITIES, INC.,                    )
                                       )
                  Defendant.           )

## ORDER

Plaintiff Danielle Cox brings this suit against her former employer, Council for Developmental Disabilities, Inc. d/b/a ABLE Community Based Services ("ABLE"), asserting claims for hostile work environment and retaliation under Title VII of the Civil Rights Act.[1]  Defendant has moved for summary judgment, which is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit.  A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented."  Tabor v. Hilti, Inc.,__F.3d__, 2013 WL 150225, at *4 (10th Cir. Jan. 15, 2013) (citation omitted).[2]

---

[1]The complaint includes a single claim for violation of Title VII based on sex/gender, but both parties approach plaintiff's case as embracing claims for both hostile work environment and retaliation.

[2]Plaintiff's brief repeatedly relies on Sonnentheil v. Christian Moerlein Brewing Co., 172 U.S. 401 (1899), for the proposition that uncorroborated "self-serving" testimony from a witness should be disregarded for summary judgment purposes and, indeed, stricken.  Whatever may have been the standard for summary judgment in the 19th Century, that is plainly not the standard now.

The court has viewed the evidence and any reasonable inferences that might be drawn from it in the light most favorable to plaintiff, the nonmoving party, and concludes that defendant's motion should be granted in part and denied in part.

## Background

Defendant ABLE operates group homes for the developmentally disabled. Plaintiff was hired by ABLE in April, 2009, as a direct care staff employee. Her employment continued until February 14, 2011, when she was terminated by ABLE for the stated reason of sleeping on the job and other performance issues.

Plaintiff's claims in this case revolve around plaintiff's assertion that a co-worker, Mr. Barclay, attempted to rape her while at work on December 12, 2010, and that her eventual termination was tied, at least in part, to her asserting the rape and reporting it. Her allegation of attempted rape is disputed, but it is undisputed that she reported the alleged incident, leading to various contacts or meetings on December 13 with her immediate supervisor Dwayne Henry, Residential Director Allred, ABLE Executive Director Hunter, and others. The specifics of the parties' claims and related evidence are addressed below in connection with the claims to which they pertain.

## Analysis

### A. Sexual Harassment/Hostile Work Environment

"Under Title VII, it is an unlawful employment practice for an employer . . . to

---

See <u>Sanchez v. Vilsack</u>, 695 F.3d 1174, 1180 n.4 (10th Cir. 2012) and cases cited therein.

discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." Morris v. City of Colo. Springs, 666 F.3d 654, 663 (10th Cir. 2012) (internal quotation marks and citation omitted). To make out a claim of discrimination based on a hostile work environment, plaintiff must show "(1) that she was discriminated against because of her sex; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment." Id. (citation omitted). Defendant challenges the sufficiency of plaintiff's showing as to the second element.

Plaintiff relies entirely on the alleged assault as the basis for her hostile work environment claim and does not attempt to show "pervasive" conduct such as is often the basis for hostile work environment liability. However, even a single, isolated incident may be enough for liability if it was sufficiently "severe." An isolated incident may be sufficiently "severe" if it was "especially egregious or extreme." Id. at 667.[3] Plaintiff's evidence, suggesting a forcible sexual assault occurred, is sufficient to create a justiciable question based on the severity element. See, e.g., id. (noting that sexual assault is "conduct that clearly could be objectively viewed as threatening and severe"); Turnbull v. Topeka State Hosp., 255 F.3d 1238, 1243 (10th Cir. 2001).

However, in addition to the necessary showing as to a hostile work environment, plaintiff must also show a basis for holding the employer liable for it under Title VII's

---

[3]It is clear that conduct which is either severe or pervasive will support a hostile work environment claim. Morris, 666 F.3d at 665.

standards.  Harsco Corp. v. Renner, 475 F.3d 1179, 1186 (10th Cir. 2007).[4]  Where the allegedly abusive conduct involved was committed by a co-worker rather than a supervisor, defendant's liability, if any, must be based on a showing of negligence.  *See id.*; Lockard v. Pizza Hut, Inc., 162 F.3d 1062, 1074 (10th Cir. 1998) ("In cases involving harassment by co-workers, as opposed to harassment perpetrated by supervisory employees, the only basis for employer liability available is a negligence theory . . . ." (citations omitted)).  Under this theory, plaintiff must prove that the employer "had actual or constructive knowledge of the hostile work environment but did not adequately respond to notice of the harassment." Harsco, 475 F.3d at 1186 (citing Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 673 (10th Cir. 1998)); *see also* Bertsch v. Overstock.com, 684 F.3d 1023, 1028 (10th Cir. 2012).  Actual knowledge is demonstrated where a plaintiff has reported the harassment to management-level employees, while constructive knowledge can be based on the pervasiveness of the sexual harassment.  Harsco, 475 F.3d at 1188.

Here, it is undisputed that plaintiff reported the alleged sexual assault to management-level employees shortly after the incident, giving them actual knowledge of the claimed harassment at that point.  Plaintiff's submissions do not provide a basis for a conclusion that defendant had constructive knowledge of any tendency of Mr. Barclay to assault women

---

[4]*In her response, plaintiff attempts to rely on the Ellerth-Faragher test to establish a basis for liability.  Burlington Indus. v. Ellerth, 524 U.S.742, 762-63, 765 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998).  However, that two-part affirmative defense is not applicable when the asserted basis for liability is harassment by a non-supervisory co-worker.  See Pennsylvania State Police v. Suders, 542 U.S. 129, 143 n.6 (2004) ("Ellerth and Faragher expressed no view on the employer liability standard for co-worker harassment.  Nor do we.").*

4

prior to its managers being advised of it.[5]  Similarly, it is undisputed that the defendant had a formal policy prohibiting sexual harassment and that plaintiff and others were aware of it.[6] So the question becomes whether plaintiff has produced any evidence tending to show that defendant's response after the report of the incident was negligent or otherwise inappropriate.

In evaluating the defendant's response, the "touchstone . . . is reasonableness." Adler, 144 F.3d at 675-76.  "An employer is absolved of liability for acts of harassment by its employees if it undertakes remedial and preventative action 'reasonably calculated to end the harassment.'" Duncan v. Manager, Dept. of Safety, City & Cnty. of Denver, 397 F.3d 1300, 1310 (10th Cir. 2005) (quoting Adler, 144 F.3d at 676).  "A stoppage of harassment shows effectiveness, which in turn evidences such reasonable calculation." Adler, 144 F.3d at 676; see also Duncan, 397 F.3d at 1310 (presuming remedial action is sufficient if an employer's response ends the harassment).

Here, it undisputed that there was no further assaultive or other improper conduct by Mr. Barclay.  It is undisputed that management personnel met with plaintiff to discuss the

---

[5]Plaintiff suggests ABLE had knowledge of a sexually hostile work environment prior to plaintiff's alleged attack based on claims that other women viewed Barclay as treating them in a disparaging manner.  She relies on a statement from Laura Poole [Doc. #38-19] to that general effect, but there is no indication in the Poole statement, or otherwise, that such concerns were communicated to the employer.

[6]Plaintiff submits the testimony of several employees that they had not had formal sexual harassment training, but there is no requirement that formal training of a particular sort occur.  See Helm v. Kansas, 656 F.3d 1277, 1289 (10th Cir. 2011).

5

incident the same day she reported it,[7] interviewed Barclay the same day,[8] and then met again with plaintiff that day.  It is undisputed that the two were separated immediately and plaintiff concedes she never worked with Barclay again.  Plaintiff takes issue with ABLE's suggestion that she would be transferred rather than Barclay and with comments allegedly made by some of defendant's management personnel during the discussions, but that evidence does not undercut the fact that steps to avoid a recurrence of the allegedly harassing behavior were taken.

The court concludes that plaintiff has failed to raise a disputed issue of material fact as to the reasonableness of defendant's remedial and preventative measures.  *See* Hollins v. Delta Airlines, 238 F.3d 1255, 1258 (10th Cir. 2001) (noting that plaintiff bears the burden of establishing that the employer's response was unreasonable).  Defendant's response was reasonably calculated to, and did, end the claimed harassment.  Summary judgment will be entered in defendant's favor as to the hostile work environment claim.

B. Retaliation

Plaintiff also asserts a Title VII retaliation claim based on adverse actions that

---

[7]*Plaintiff reported the alleged assault on December 13, 2010.  There is evidence that plaintiff's mother had reported it to Mr. Henry late the previous evening.*

[8]*Barclay denied plaintiff's allegations and plaintiff's suggestion to the contrary in her brief is plainly misleading.  She asserts that "Barclay did not deny the attempted rape in his written statement," citing two sources — a portion of Henry's deposition testimony and what she terms the "Barclay statement," Doc. No. 38-12.  In fact, Henry's deposition makes it clear Barclay did dispute plaintiff's version of the event and the "Barclay statement," or at least the portion of it attached as the exhibit, doesn't even purport to address the events of December 12.*

allegedly occurred after she reported the assault.[9]  Here, arguably, there is direct evidence of

retaliation which would be sufficient by itself to warrant the claim going forward.  Plaintiff

testified that, in the meetings on December 13, defendant's executive director said, "We can't

have people working here that's going to accuse people of rape" [Doc. #38-2 at 100:3-4].

The comment, if made, suggests a motive and/or intention to retaliate, although the length

of time between the alleged comment and plaintiff's eventual termination cuts against that

conclusion.  However, whether the comment is viewed as direct evidence or not, the claim

survives.  In the absence of direct evidence, the claim is analyzed under the burden-shifting

framework set out in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04 (1973).

Under that framework, a plaintiff asserting a retaliation claim must make a prima facie

showing "(1) that [s]he engaged in protected opposition to discrimination, (2) that a

reasonable employee would have found the challenged action materially adverse, and (3) that

a causal connection existed between the protected activity and the materially adverse action."

<u>Tabor</u>, 2013 WL 150225, at *8 (citation omitted).  If the plaintiff makes such a showing, the

burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its decision.

<u>Bertsch</u>, 684 F.3d at 1028.  The plaintiff must then show that the employer's articulated

reason was a pretext for retaliation.  *Id*. at 1028-29.

Defendant concedes plaintiff meets the first element of her prima facie case, and it is

---

[9]*As the court concludes plaintiff's discharge is a sufficient basis for the retaliation claim, it is unnecessary to pursue further whether some other pre-termination conduct may also have constituted adverse action.*

clear that plaintiff's discharge satisfies the second element.  Further, there is evidence, viewed in the light most favorable to plaintiff, that supports an inference of a causal connection between plaintiff's report of her alleged sexual harassment and her termination.

To establish the necessary connection, a plaintiff must show "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action."  <u>Proctor v. United Parcel Serv.</u>, 502 F.3d 1200, 1208 (10th Cir. 2007) (citation omitted).  Here, the relatively short period of time between her report of the alleged incident and her termination,[10] coupled with other evidence, is sufficient to make the necessary showing of causal connection.  As noted above, plaintiff has offered evidence that a senior manager reacted adversely to her report of the incident, suggesting that merely reporting it might warrant discipline.  The court concludes plaintiff has presented sufficient evidence of causal connection and has therefore made the showing necessary for a prima facie case of retaliation.

Defendant articulated a legitimate, non-retaliatory reason for plaintiff's termination, based on alleged deficiencies in plaintiff's work performance, so the burden shifts to plaintiff to show pretext by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer

---

[10]*A lapse of two months, by itself, might not support the necessary inference.  The Tenth Circuit has concluded that the period between six weeks and three months is borderline in establishing a basis for causal connection.  <u>Conroy v. Vilsack</u>, ___F.3d___, 2013 WL 491546, at *16 (10th Cir. Feb. 11, 2013).*

that the employer did not act for the asserted non-[retaliatory] reasons." Vaughn v. Epworth Villa, 537 F.3d 1147, 1153 (10th Cir. 2008) (quoting Rivera v. City & Cnty. of Denver, 365 F.3d 912, 925 (10th Cir. 2004)).  The court concludes plaintiff has offered sufficient evidence of pretext to survive summary judgment on her retaliation claim.  This evidence includes the alleged response by Hunter immediately following plaintiff's report, the evidence that he may have played a role in deciding to terminate plaintiff, the relatively short period between the report and the termination, and the inconsistencies in defendant's explanation regarding who made the decision to terminate plaintiff, among others.  Summary judgment will be denied as to the retaliation claim.

Conclusion

For the reasons stated, defendant's motion for summary judgment [Doc. #35] is **GRANTED in PART and DENIED in PART**.  Summary judgment is **GRANTED** as to plaintiff's hostile work environment claim, and **DENIED** as to plaintiff's retaliation claim.

**IT IS SO ORDERED**.

Dated this 21st day of February, 2013.

JOE HEATON
UNITED STATES DISTRICT JUDGE